Jacob Markowitz, J.
This application in which petitioner seeks confirmation of the finding of a Sheriff’s jury of the respondent’s incompetency, raises an issue recently treated by this court at some length in Matter of Emerson [Schein] (73 Mise 2d 322). The facts in the two proceedings are similar. In both, the issue is the desirable method of best protecting the interests of an elderly person in declining health and with an illness not uncommon in those of advanced age, to wit, progressive arteriosclerosis. For the reasons and. on the authorities cited and discussed in Matter of Emerson {Schein), it is the opinion of this court that the appointment of a conservator rather than a committee is in the respondent’s best interests. These proceedings were commenced prior to the effective date of those sections of the Mental Hygiene Law providing for the appointment of conservators. (Mental Hygiene Law, § 77.01 et seq., enacted by L. 1972, ch. 251, eff. Jan. 1, 1973 pursuant to Mental Hygiene Law, § 91.05.) Nonetheless subdivision (5) of former section 101 of the Mental Hygiene Law, which was in effect when the proceedings commenced, empowers the court, upon the return of a commission, to “make such final order upon the petition as justice requires.” Thus the court’s power in this area seems clear. As respondent is now confined to a nursing home and there is likelihood of her continued stay there, and as no need has been demonstrated for the appointment of an independent individual, the appointment of the daughter as conservator, as requested, is warranted.
Application for allowances shall be passed on in the order to be settled herein as will the amount of the bond to be posted.